**E-FILED**
Wednesday, 07 March, 2007  04:33:25 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-30034 |
| | ) | |
| BILLY JOE BOWSER, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on Defendant Billy Joe Bowser's sentencing hearing, held March 5, 2007.  Defendant Bowser appeared in person and by his attorney Douglas Beevers.  The Government appeared by Assistant United States Attorney John Childress.  On October 24, 2006, Defendant appeared before U.S. Magistrate Judge Byron G. Cudmore and pleaded guilty to the following counts of the Indictment (d/e 6): Count 1, Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2)(A); Count 2, Shipping and Transporting Child Pornography, in violation of 18 U.S.C. § 2252A(a)(1); and Count 3, Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(5)(B).  Judge Cudmore issued a Report and

1

Recommendation (d/e 12) on that date recommending that this Court accept the Defendant's pleas of guilty.  By Text Order dated November 15, 2006, the Court accepted Bowser's pleas of guilty.  The United States Probation Office prepared a Revised Presentence Report (PSR), dated February 16, 2007.  The Government had no objections to the PSR.

Bowser made numerous objections to the PSR; specifically, he objected to ¶¶ 13, 17, 18, 21, 22, 28, 34, 43, 57 and 63.  Bowser objected to the statement in ¶ 13 that he had advised agents that he used the WinMX program for approximately two years.  For the reasons stated of record, the Court sustained the objection, in part, and overruled the objection, in part. Bowser testified in open court that he used the WinMX program from mid-2005 until the time of his arrest.  Based on this testimony, the Court determined that Defendant used the WinMX program for approximately nine months, not 2 years as provided in the PSR.

Bowser objected to ¶ 17, asserting that adding the 1,000 images for distribution and again for receipt is double-counting the same images, and that some images included children who were clothed.  For the reasons stated of the record, the Court overruled the objection.  The Court noted that when the images are downloaded, shared or possessed at different times

or moved from one computer to another, they are separately counted in accordance with the applicable rules. The Court also noted that a child depicted in the image can be clothed in a provocative manner such that the image would still be one of child pornography. The Court additionally indicated that Defendant's argument lacked merit, not only because he failed to carry his burden, but also because the Government noted in its response that law enforcement agents used hash value images in evaluating whether a particular image was child pornography. The objections to ¶ 17 were overruled.

Bowser objected to the statement in ¶ 18, arguing that of the 5,000 images he deleted, there were images of children who were clothed and so such images should not have been counted. For the reasons stated of record, the Court overruled the objection. Defendant testified in open court that he deleted 5,000 images of child pornography. Based on this testimony, the Court overruled the objection to ¶ 18.

Bowser objected to ¶¶ 21, 22 and 28, based on the same arguments noted above. The Court overruled the objections to these paragraphs based on the aforementioned reasons.

Bowser objected to ¶ 34, which held him accountable for over 95,000

images of child pornography, on the grounds that there was double-counting of duplicate images and that some of the images showed children who were clothed. For the reasons stated of record, the Court sustained the objection, in part, and overruled the objection, in part. The Court noted that there was insufficient evidence to verify Defendant's claims in full, but the Court gave Defendant the benefit of the doubt as to 15,000⁺ images. The Court, therefore, held Defendant accountable for approximately 80,000 images instead.

Defendant objected to ¶ 43, which called for the imposition of a five-level enhancement in his offense level for trading child pornography. For the reasons stated of record, the Court overruled the objection. The Court noted that Defendant himself acknowledged on the stand that he participated in the running of a child pornography site (namely, "Kiddypics & Kiddyvids") dedicated to the trading of child pornography. The Court further noted that Defendant used the Hello and WinMX programs to obtain child pornography. Also, the Court noted that Defendant acknowledged in ¶ 15 of the PSR, to which there was no objection, that he traded images of child pornography through chat rooms using WinMX, "Kiddypics & Kiddyvids", and Hello and that he frequented the chat room

"Kiddypics & Kiddyvids" to obtain thousands of images of child pornography from "Lonely Leo57."  The Court finally noted that while Defendant objected to ¶ 17, as noted above, he did not object to the statement in that paragraph which provided that Defendant allowed other distributors of child pornography to download images of child pornography from his computer via WinMX and that he even traded images through the Hello program with "Lonely Leo57" and someone else, including his 6-year old daughter's school picture.  Based on the abundance of evidence, the Court overruled the objection to ¶ 43.

Defendant objected to ¶¶ 57 and 63, but withdrew those objections. The Court noted that if it were called on to rule on such objections, the Court would find that the Criminal History points were appropriately given under the Guidelines.

Defendant had no other objections to the PSR.  Thus, the Court adopted the PSR as written and adopted its findings, with the exception of the sustained objections noted above.  The Court determined that Bowser had a final offense level under the Guidelines of 37 and a Criminal History Category of Category II, which yielded a Guideline Sentencing range of 235 to 240 months for Counts 1 and 2, based on the fact that the statutory

maximum sentence for these counts was 240 months, and 120 months for Count 3.  The Court noted that the Guidelines are advisory, and that the Court was required to exercise its discretion to determine Defendant Bowser's sentence, considering the Guidelines, the statutory sentencing factors, and all other relevant information.  United States v. Booker, 543 U.S. 220 (2005): 18 U.S.C. § 3553(a).

In sentencing Defendant, the Court determined that the statutory maximum sentence for each count would be appropriate.  In stating its reason, the Court noted the number of images of child pornography involved (specifically, 80,000 images) would justify an upward departure if this case's guideline range were not already at the statutory maximum; the Court also noted the fact that the children depicted in the images were so young and physically abused, and, more disturbingly, the fact that Defendant himself distributed a picture of his 6 year old daughter to other participants in the chat room.

The Court rejected Defendant's argument that he should be sentenced at either the very low end of the Guideline range or below the Guideline range based on his acceptance of responsibility and his attempt to cooperate.  The Court noted that Defendant was given credit for his

acceptance of responsibility in calculating the Guideline range.  The Court further noted that even with such credit, Defendant's Guideline range was still such that the statutory maximum was below the halfway point in what would otherwise have been the full Guideline range.

The Court also rejected Defendant's argument that the sentence imposed in this case should be consistent with the sentence imposed in another unrelated case heard the same day, involving a similar type of crime. The Court explained that there were several differences between the instant case and the earlier case.  First, the Court noted that there was a difference of 50,000 images.  Second, the Court noted that Defendant Bowser had a more serious criminal record than the earlier defendant.  Lastly, the Court noted that there was a greater degree of participation in the chat rooms by Defendant Bowser than the earlier defendant.  The Court noted that Bowser's activity and the activity of others who participated in the exchange of images of child pornography created a market for those who make such images, who profit from such images, and who abuse and exploit the children depicted in such images.  Based on these reasons, the Court found no justification for a lesser sentence and determined that the statutory maximum sentence for each of the counts would be appropriate.

THEREFORE, after considering the case file, the commentaries filed by counsel, the PSR, the statements of counsel, Defendant's own statement, the applicable Sentencing Guidelines, and the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court sentenced Defendant Bowser to 240 months for each of Counts 1 and 2, and 120 months for Count 3, all to run concurrently.  After his release from prison, Bowser was ordered to serve a life term of supervised release.  No fine was ordered.  The Court ordered Defendant to pay a $300.00 special assessment, due immediately.  The Court advised Bowser of his appeal rights.

IT IS THEREFORE SO ORDERED.

ENTER:   March 7, 2007.

FOR THE COURT:

_____ s/  Jeanne E. Scott _____
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE